# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

WILLIE RAY BOUNDS,

             Plaintiff,

v.                                                    Case No. 11-CV-74

CARDINAL STRITCH UNIVERSITY,

             Defendant.

_____

# ORDER

On January 24, 2011, plaintiff Willie Ray Bounds ("Bounds"), proceeding *pro se*, filed a complaint alleging – as best as the court can discern – that defendant Cardinal Stritch University discriminated against him when the university did not give him a passing grade in his general psychology class. (Docket #1). Accompanying Bounds' complaint is a motion for leave to proceed *in forma pauperis*.

Before the court can allow the plaintiff to proceed *in forma pauperis*, the court is obligated to determine that the plaintiff is unable to pay the $350.00 filing fee and that his case: (1) is not frivolous or malicious; (2) does not fail to state a claim upon which relief may be granted; and (3) does not seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Congress' intent in enacting the federal *in forma pauperis* statute was "to guarantee that no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, in any court of the United States, solely because . . . poverty makes it impossible . . . to pay or secure the costs" of litigation.

*Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948). "At the same time that it sought to lower judicial access barriers to the indigent, however, Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). In response to this concern, Congress provided courts with the authority to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. 28 U.S.C. § 1915(e).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. at 31; *Neitzke v. Williams*, 490 U.S. at 325. The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. Moreover, a complaint should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable

to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

Though the complaint before the court is hard to decipher, it seems to indicate that plaintiff is alleging some sort of discrimination claim against the defendant university of which he is a nursing student. It is possible that Bounds is attempting to allege a violation of 42 U.S.C. § 2000d, which provides: "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." Although it is not clear whether the defendant receives federal financial assistance, even if the court were to assume this federal statute is applicable to Cardinal Stritch University, Bounds has still failed to allege any facts raising a plausible inference that race, or any other protected ground, was a factor behind the grade Bounds received in his general psychology class at Cardinal Stritch University.[1]

For instance, Bounds' complaint states that the university does not like "outspoken black man or people who tell it like it is." (Compl. at 4). Bounds further alleges that he spoke with the Dean of Students about certain email messages sent between Bounds and university staff and that he tried his best "to get the psychology department chairperson at that time to go over my suggestions." (Compl. at 4).

---

[1]If Bounds is not attempting to allege a racial discrimination claim under 42 U.S.C. § 2000d, then this court likely does not have jurisdiction over the complaint because it is not based on a federal question or diversity jurisdiction. Accordingly, the court would be obliged to dismiss the case on those grounds.

These conclusory allegations do not state a racial discrimination claim. Indeed, Bounds included copies of the referenced email messages with his complaint and, even viewing them in the light most favorable to the plaintiff, the court cannot find any indication that racial discrimination played a factor in Bounds' grade or the university's appeals process for academic grievances. To the contrary, the email exchanges show that Bounds was treated fairly, that the school administration did all it could to advise him of the academic basis for his grades, and that the school ensured Bounds not only had knowledge of the appeals process for academic grievances, but also that he was fully able to benefit from that process. Therefore, the court finds that Bounds has failed to state a claim upon which relief may be granted because it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief under a racial discrimination theory.

Furthermore, the court is also satisfied that Bounds' complaint should be categorized as frivolous because his factual contentions are clearly baseless. Though Bounds has attempted to shroud his claims in a racial discrimination lawsuit, it is patently obvious what the real issue is here. That is, a disgruntled student, upset over a grade. As such, Bounds' complaint also sets forth an indisputably meritless legal theory. Because the plaintiff's complaint has no basis in law or fact, the court is obliged to dismiss the action pursuant to § 1915(e).

Accordingly,

**IT IS ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby **DENIED;**

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) as frivolous and for failure to state a claim.

The clerk is ordered to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 18th day of February, 2011.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge